J-A05025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| QUENTIN C. GILLETTE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELLI MENGEL AND CHARLES GILLETTE | : | |
| | : | No. 1449 MDA 2021 |
| APPEAL OF: KELLI MENGEL | : | |

Appeal from the Order Entered October 15, 2021,
in the Court of Common Pleas of Lebanon County,
Civil Division at No(s):  2021-20494.

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED MARCH 31, 2022**

Appellant Kelli Mengel (Mother) appeals the custody order entered by the Lebanon County Court of Common Pleas, which formally adopted the recommendations proposed in the conciliator's report.  Litigation began when Appellee Quentin Gillette (Father) filed a complaint in custody.  The trial court then appointed a custody conciliator.  The conciliator scheduled a conference, but Mother failed to appear.  Thereafter, the conciliator issued a report and recommended that Father receive sole physical and legal custody. The trial court adopted the recommendations in its October 13, 2021 order.  On appeal,

---

[*] Former Justice specially assigned to the Superior Court.

Mother claims she lacked notice of both the order adopting the recommendations as well as the underlying conference. [1, 2]

Mother explains that she received notice of the initial custody complaint, as well as order appointing a custody conciliator. However, Mother contends that both the conciliator's scheduling letter, as well as the order adopting the conciliator's recommendations, were sent to her former address. The record supports Mother's contention, as the docket indicates that these documents were returned to the prothonotary's office and marked undeliverable.

Mother maintains that she only became aware of the breakdown in court operations after the trial court's order (adopting the conciliator's recommendations) became final. At that point, Mother changed her address on the docket, filed a motion for reconsideration, and timely filed this appeal. The trial court did not expressly grant reconsideration, nor did the court issue

_____

[1] On appeal, Mother presents the following question:

> Did the [trial court] incorrectly issue an order on October 13, 2021 granting full legal and physical custody to Father without providing Mother notice of the October 8, 2021 custody conciliation conference because Mother's address was changed from a correct address to an incorrect address on or after September 1, 2021, thus Mother never received any notice of the scheduled conciliation conference and did not attend the conference?

Mother's brief at 2

[2] Father did not file an appellee brief.

an opinion in accordance with Pa.R.A.P. 1925(a). Instead, the court issued the following order on November 15, 2021, which states in relevant part:

> [I]t appearing to the court that [Mother] has filed a notice 1449 of appeal to the order of court entered in this matter on October 13, 2021, the court submits that this appeal is taken from a non-appealable order and should be quashed with the matter remanded to this court to conduct a hearing for a determination upon the merits.

Order of Court, 11/15/21 (capitalization adjusted).

Mother argues that although the trial court recognizes that a remand is necessary, this Court should not quash her appeal – as the trial court suggests – but vacate the order. She reasons that contrary to the trial court's view, its order adopting the conciliator's recommendations was not an interim, non-appealable order, but a final order.

We agree. The order adopting the conciliator's recommendations provides: "This Order will become a **Final Order** unless one of the above named parties files a request for a hearing within twenty (20) days of the date of this Order." **See** Order of Court, 10/13/21 (emphasis added). Because of a breakdown in court operations, Mother lacked notice and the result was a due process violation. **See S.T. v. R.W.**, 192 A.3d 1155, 1161-62 (Pa. Super. 2018) (vacating the custody order where the trial court failed to provide the mother with notice and the opportunity to be heard). Therefore, we vacate the order and remand for further proceedings consistent with this order.

Order vacated. Case remanded. Jurisdiction relinquished.

J-A05025-22

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2022

- 4 -